IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN T. PETERSON, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT SHANNON, et al. | : | NO. 05-5414 |
| Respondents | : | |

**MEMORANDUM**

**Baylson, J.**                                                                                             **March 23, 2006**

**I.     Introduction**

Petitioner, Warren T. Peterson ("Petitioner" or "Peterson"), filed a *pro se* Petition for Habeas Corpus in October 2005 in this Court pursuant to 28 U.S.C. § 2254, collaterally challenging his murder conviction. On October 24, 2005, this Court referred the case to Magistrate Judge Timothy Rice ("the Magistrate Judge"). On December 12, 2005, the Magistrate Judge issued a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(c) suggesting that this Court dismiss the Petition as time-barred. On January 5, 2006, Petitioner filed Objections to the R&R, to which Respondent replied on February 27, 2006. Upon independent and thorough consideration of the administrative record and all filings in this Court, Petitioner's objections are overruled and the recommendations by the Magistrate Judge are accepted.

**II.    Background and Procedural History**

This case presents a rather complicated procedural history. Following a trial by jury in the Court of Common Pleas for Philadelphia County, the Petitioner was convicted on June 28,

1990 of first degree murder and related offenses.  He was sentenced to life imprisonment for the murder charge, with concurrent sentences for his other convictions.  On direct appeal, the Superior Court of Pennsylvania affirmed the conviction on February 28, 1992 and the Pennsylvania Supreme Court denied allocatur on August 13, 1992. On November 11, 1992, the period to seek certiorari from the United States Supreme Court expired, thus making Petitioner's conviction final under the terms of Pennsylvania's Post Conviction Relief Act's ("PCRA") statute of limitations.  42 Pa. C.S.A. § 9541 et seq.

Petitioner then began the process of seeking collateral relief in state court.  On January 19, 1996, Peterson filed a PCRA petition.  He was appointed counsel, who filed a "no merit" letter, certifying that there were no issues of merit to advance.  Despite that the PCRA court ordered counsel to file an amended petition, counsel did not comply, and the petition was dismissed.  Petitioner then appealed to the Pennsylvania Superior Court, which dismissed the appeal on April 3, 1998 for failure to file a brief.  Petitioner did not appeal this dismissal.

On July 15, 1998, Peterson filed a second PCRA petition, which the state court dismissed as untimely.  Reversing and remanding, the Superior Court held on July 12, 2000 that Petitioner's second petition, because of the "tortured procedural history" and abandonment by counsel, would be considered merely an extension of the first and thus timely. Commonwealth v. Peterson, 756 A.2d 687, 689 (Pa. Super. 2000).  On remand, the PCRA court dismissed the petition, concluding on September 4, 2003 that Petitioner's claims were either previously litigated or waived.  Petitioner appealed to the Superior Court.  While the appeal was pending, the Pennsylvania Supreme Court in Commonwealth v. Robinson, 837 A.2d 1157 (Pa. 2003), held that the one-year PCRA limitations period was mandatory and jurisdictional and that a second

PCRA petition could not be viewed as an extension of the first.  This eroded the ground relied on by the Superior Court in Peterson.  On November 8, 2004, based on Robinson, the Superior Court deemed Peterson's second PCRA petition untimely and dismissed the appeal.  Petitioner did not seek allocatur.

Petitioner next sought collateral relief in federal court with this instant petition for Writ of Habeas Corpus, signed on October 1, 2005, and filed in this Court on October 17, 2005.

### III.    Parties Contentions

#### A.    Summary of Magistrate Judge's Report and Recommendation

The Magistrate Judge recommended in the R&R that Petitioner's habeas corpus petition should be dismissed.  He concluded that the petition was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (R&R at 5).  Specifically, he decided that although the first PCRA petition tolled the limitations period, because the state court rejected Petitioner's second PCRA petition as untimely, it was not entitled to statutory tolling. Id. Moreover, he concluded that equitable tolling was not justified because Petitioner did not present any extraordinary circumstances beyond his control or pursue his rights diligently.  Id. at 6.

#### B.    Petitioner's Objections

Petitioner states several objections to the Magistrate Judge's R&R, including arguments that both statutory and equitable tolling are applicable.  With regard to statutory tolling, he contends that the Superior Court's first ruling on his second PCRA petition shows that, at the time it was filed, the second petition was filed in accordance with Pennsylvania's procedures. Id. at 4-5. He also argues equitable tolling is warranted because he diligently pursued his appellate rights.  Next, Petitioner contends that Claim 3, asserting trial court errors (including an erroneous

3

jury instruction), is timely asserted because it was filed within one year of a recent Third Circuit decision, upon which the claim is predicated. Id. at 16. Additionally, he argues that Magistrate Rice's R&R was premature because it was filed before Petitioner's memorandum of law in support of his habeas claims was due or filed. Id. at 1. Finally, he asserts that he has been deprived of the opportunity to show cause and prejudice and/or a miscarriage of justice (because he is actually innocent), exceptions which he contends apply to his case. Id. at 18-23.

    C.    **Respondent's Response to Objections**

Respondent, the District Attorney of Philadelphia County (the "Commonwealth"), argues statutory tolling is not applicable because a state court ruling that a state PCRA petition is untimely is binding on a federal habeas court. Response at 2. The Commonwealth also contends that under controlling Third Circuit law, neither Petitioner's allegation that the state court failed to notify him of its November 8, 2004 decision nor the alleged lack of clarity in Pennsylvania law entitles him to equitable tolling. Id. at 3, 7.

**IV.    Standard of Review**

In ruling on objections to the Report and Recommendation of a United States Magistrate Judge, this Court reviews *de novo* only the findings of the R&R to which the Petitioner specifically objects. 28 U.S.C. § 636(b)(1). See also F. R. Civ. P. 72.

**V.    Discussion**

AEDPA provides a strict timetable that sets forth when an application for a Writ of Habeas Corpus must be filed in federal court. The Act states:

> A 1-year period of limitation shall apply to an application for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (1996). The limitations period is usually started pursuant to subsection (A), when the conviction became final on direct review. However, the Third Circuit has held that if direct review of a criminal conviction ended prior to the Act's effective date, then a prisoner has until April 24, 1997 to commence a habeas action.[1] Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). The earliest Petitioner's federal petition can be deemed filed is October 1, 2005, the date on which it was signed. Burns, 134 F.3d at 113. Because Peterson's conviction was final in 1992, the Magistrate Judge properly concluded that he had only until April 24, 1997 to file his habeas petition unless he can show the statute of limitations was tolled through October 1, 2005.

### A.    Statutory Tolling

AEDPA contains a statutory tolling exception, which notes that "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, if both Petitioner's PCRA petitions were properly filed, the limitations period would be tolled through December 8, 2004,

---

[1] AEDPA took effect on April 24, 1996. Thus, the April 24, 1997 deadline reflects a one-year grace period following the Act's effective date.

as the Superior Court's November 8, 2004 decision became final thirty days later,[2] and his October 1, 2005 habeas filing would be within one-year of December 8, 2004. "Properly filed" means submitted in accordance with the state's procedural requirements, Fahy v. Horn, 240 F.3d 239, 243-44 (3d Cir. 2001), and does not include an untimely PCRA petition, Pace v. DiGuglielmo, 125 S. Ct. 1807, 1812 (2005).

The Magistrate Judge, agreeing with the Commonwealth, concluded although the first PCRA petition tolled the limitations period, Petitioner was not entitled to statutory tolling on his second PCRA because the Superior Court rejected it as untimely. R&R at 5; Response at 2. Petitioner argues he is entitled to statutory tolling for his second PCRA petition because the Superior Court's first decision on timeliness shows that at the time it was filed, the second PCRA was filed in accordance with Pennsylvania's procedures. Objections at 4-5. Further, he argues that it was improper for the Superior Court to retroactively apply the new rule of procedure announced in Robinson to his case. Id. at 14-15.

The Court agrees with the Magistrate Judge. Caselaw is clear that a state appellate court's determination as to untimeliness is binding on a federal habeas court. Pace, 125 S. Ct. at 1812 (noting that when a state postconvcition petition is rejected by the state court as untimely, "that is the end of the matter."). See also Fahy, 240 F.3d at 244; Merrit v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003). Despite the Superior Court's earlier ruling allowing Petitioner's second PCRA petition to be construed as an extension of the first, the Superior Court was constrained to apply the Pennsylvania Supreme Court precedent announced in Robinson, as it was decided

---

[2]By operation of law, the Superior Court's order dismissing the appeal became final after thirty days, or on December 8, 2004. Robinson, 837 A.2d at 1162.

during the pendency of Peterson's second PCRA case. Pearson v. Rozum, 399 F. Supp. 2d 645, 648-49 (E.D. Pa. 2005) (rejecting petitioner's contention that habeas court did not have to follow the Superior Court's determination that his PCRA petition was untimely because its application of Robinson was "impermissibly retroactive."). Accordingly, this Court is required to give deference to the Superior Court's November 8, 2004 ruling on timeliness. Since the second PCRA petition was not properly filed, it cannot statutorily toll the AEDPA limitations period.

### B.     Equitable Tolling

The next issue is whether Peterson is entitled to equitable tolling. The doctrine of "equitable tolling" operates to stop the statute of limitations from running where the claim's accrual date has already passed. Id. at 1387. It thus allows a court "to extend a statute of limitations on a case-by-case basis to prevent inequity." Colletti v. N.J. Transit Corp, 2002 WL 1769006, *3 (3d Cir. 2002) (unpublished opinion); Smith v. Equicredit Corp., 2002 WL 32349873, *3 (E.D. Pa. Oct. 4, 2002).

Under controlling Third Circuit law, the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. Miller v. N.J. Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Extraordinary circumstances exist only: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights, or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). Additionally, the party seeking tolling must also demonstrate that he or she "exercised reasonable diligence in investigating and bringing the claims." Miller, 145 F.3d at 618-19; Smith, 2002 WL 32349873 at *4.

The Magistrate Judge concluded that Petitioner did not present any extraordinary circumstances beyond his control, or pursue his rights diligently, such that equitably tolling the statute of limitations would be warranted. R&R at 6. In his Objections, Petitioner argues he did not appeal the dismissal of his first PCRA petition because, given his attorney's failure to file a brief, there was nothing to appeal. Objections at 10. Moreover, he contends he was prevented from appealing the Superior Court's November 8, 2004 dismissal of his second PCRA petition and delayed in filing the instant petition because after "repeatedly wr[iting] his attorney inquiring about the status of his appeal," she informed him that she had not yet received notification of a decision. Id. at 12. In fact, according to Peterson, his attorney maintains that she was not served with the dismissal. Id. Further, Petitioner contends that the contradictory findings of the Superior Court regarding the timeliness of his second PCRA petition evinces confusion in the law. The Commonwealth counters that late notification and attorney error do not rise to the level of "extraordinary circumstances," and that in any event, Peterson failed to exercise reasonable diligence in following his PCRA appeals and pursuing his habeas claims in a timely manner. Response at 3-8.

The Court is unconvinced by Petitioner's Objections, which fail to establish either the "extraordinary circumstance" or reasonable diligence prong. First, as the Commonwealth properly argues, Petitioner has not identified the date he allegedly learned of the state court's decision, without which it is impossible to fully analyze his equitable tolling argument. Further, Third Circuit case law is clear that neither late notification of the outcome of a case nor attorney error in failing to track the status of a pending case constitutes an "extraordinary circumstance" justifying equitable tolling in non-capital cases. See Fahy, 240 F.3d at 244 ("attorney error,

8

miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"); Poller v. Kyler, 2003 WL 22025882, *2 (E.D. Pa. Aug. 26, 2003) (attorney's failure to notify petitioner that the state supreme court had affirmed the denial of his PCRA petition until he called ten months after the fact is not an extraordinary circumstance).

Even assuming that the Superior Court did not notify Petitioner's counsel of its November 2004 decision, this does not constitute an "extraordinary circumstance" because counsel could have checked the status of the case at any time. Mack v. Vaughan, 2004 WL 257387, *3 (E.D. Pa. Jan. 30, 2004). In fact, it certainly was her responsibility to do so during the thirteen month period it was pending. The fact that it was not absolutely clear until Robinson that under Pennsylvania law, a second PCRA petition could not be construed as an extension of the first, and thus it was appropriate for Petitioner to believe his petition was timely pursuant to Peterson, does not change this conclusion. The Third Circuit has held that even lack of clarity in state law on the timeliness of a PCRA petition does not meet the "extraordinary circumstance" requirement in non-capital cases. Merritt, 326 F.3d at 169 (fact that newly-enacted PCRA time limit was unclear at time petitioner filed was not an extraordinary circumstance even though it was "not unreasonable (indeed it was appropriate)" for petitioner to have believed he was following proper procedure).

Regarding the diligence prong, Petitioner did not himself check with the Superior Court on the status of his appeal, even after more than a year had passed since the PCRA court dismissed his petition. Even when he learned of the November 2004 dismissal of the second PCRA petition by the Superior Court, Petitioner did not seek review with the highest court.

9

Moreover, Petitioner waited ten months to file this habeas petition after his second PCRA petition was denied. We agree with the Magistrate Judge that these delays indicate a lack of diligence on Petitioner's part. See Mack, 2004 WL 257387, at *2-3 (petitioner's failure to check the status of his appeal on his own precluded finding that he diligently pursued his appellate rights) (citing Carter v. Vaughn, 2002 WL 1565229, *3 (E.D. Pa. Jul. 10, 2002) (no diligence when petitioner waited over a year to check on status of appeal); Ayala v. Superintendent, 2002 WL 207173, *1 (E.D. Pa. Feb. 8, 2002) (holding petitioner did not act diligently even though he sent four letters to court)). Accordingly, Peterson is not entitled to equitable tolling of the statute of limitations.

      C.    **Claim 3: Untimely Because Not Based on a Newly Recognized Constitutional Right by the Supreme Court, Made Retroactively Applicable to Cases on Collateral Review**

As discussed *supra*, the AEDPA limitations period is usually started when the conviction became final on direct review pursuant to 28 U.S.C. § 2244(d)(1)(A). However, Petitioner contends that Claim 3, asserting trial court errors (including erroneously instructing the jury regarding *mens rea*), is timely asserted because it was filed within one year of a recent Third Circuit decision, upon which the claim is predicated. Objections at 16.[3] Thus, it appears he is arguing that § 2244(d)(1)(C), under which the one-year limitations period is triggered at the time new precedent is announced for a narrow class of cases conferring a new constitutional right, is

---

[3] Petitioner explains that in Laird v. Horn, 414 F.3d 419 (3d Cir. 2005), decided on July 19, 2005, the Third Circuit found that Pennsylvania's accomplice liability instructions were unconstitutional because they permitted a finding of guilt of first degree murder without proving the requisite intent to kill. Since the "trial court in Petitioner's case gave instructions which practically mirrored those of [sic] given in Laird," and the instant petition was filed well within the one-year limitation period, Peterson argues claim 3 is timely. Objections at 16-18.

10

applicable in the case at hand.

Petitioner's objection is without merit. Generally, a new rule of law will not be applied to any case on collateral review. Teague v. Lane, 489 U.S. 288, 310 (1989) ("[a] new constitutional rule[ ] of criminal procedure will not be applicable to those cases which have become final before the new [rule is] announced."). Subsection (C) contains a narrow exception for cases meeting of each of three requirements – the case must: (1) confer a newly recognized constitutional right, (2) be decided by the United States Supreme Court, and (3) be made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). The Laird case upon which Peterson predicates claim 3 was announced almost thirteen years after his conviction became final. The Teague doctrine prevents Petitioner from applying a new constitutional rule to disturb a conviction that became final prior to announcement of the new rule. Moreover, Laird was decided by the Third Circuit, not the Supreme Court, and there is nothing even suggesting it was made retroactively applicable to cases on collateral review. Quite simply, section 2244(d)(1)(C) is inapplicable. Petitioner's objection that Claim 3 was timely is accordingly overruled.[4]

---

[4] Peterson also argues: (1) that Magistrate Rice's R&R was premature because it was filed before Petitioner's memorandum of law in support of his habeas claims was due, and (2) that he has been deprived of the opportunity to show "cause and prejudice," and/or the "fundamental miscarriage of justice" (due to actual innocence) exceptions, which apply to his case. Id. at 1, 18-23. These arguments are unpersuasive. First, the issuance of the R&R before Petitioner filed his memorandum did not deprive him of the opportunity to address the issue of timeliness, because he has done so at length in his Objections. Second, the cause and prejudice and miscarriage of justice exceptions only apply to excuse procedural default, not untimeliness. Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999). Because Peterson cannot make the threshold showing that his habeas petition was filed within the one-year statute of limitations, the issue of procedural default is moot.

**V.**     **Conclusion**

For the foregoing reasons, Petitioner's Objections will be overruled, the Magistrate Judge's R&R will be approved and adopted, and the petition for Writ of Habeas Corpus will be denied and dismissed. Also, as Petitioner has failed to make a substantial showing of the denial of any constitutional right, a certificate of appealability will not issue. An appropriate order follows.

A:\peterson.wpd

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN T. PETERSON, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT SHANNON, et al. | : | NO. 05-5414 |
| Respondents | : | |

## ORDER

AND NOW, this      day of March 2006, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of the United States Magistrate Judge Timothy Rice pursuant to 28 U.S.C. § 636(b)(1)(c), it is hereby

## ORDERED

1. The Petitioner's Objections to the Report and Recommendation (Doc. No. 9) are OVERRULED;

2. The Report and Recommendation (Doc. No. 8) is APPROVED and ADOPTED;

3. The petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED; and

4. A certificate of appealability is not granted.


BY THE COURT:

/s/ Michael M. Baylson

**MICHAEL M. BAYLSON, U.S.D.J.**